UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JAMES TURGEON,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>SILVIA GARCIA,<br><br>　　　　　　Respondent. | Civil No. 03-CV-2540-L(WMc)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; OVERRULING PETITIONER'S OBJECTIONS; AND DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

　　　　Petitioner Christopher James Turgeon filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. In his Petition, petitioner raises two claims for relief. The Honorable William McCurine, Jr. issued a Report and Recommendation ("Report"), pursuant to 28 U.S.C. § 636(b)(1), recommending denial of the Petition. Petitioner filed objections to the R&R. For the reasons discussed below, the Court overrules petitioner's objections and adopts the Report in its entirety.

**Standard of Review**

　　　　The district court's role in reviewing a Magistrate Judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." *Id.* Under this statute, "the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied*, 124 S. Ct. 238 (2003); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225-26 & n.5 (D. Ariz. 2003) (applying *Reyna-Tapia*'s holding to a habeas corpus proceeding).

**Background**

As noted in the Report, petitioner was charged with seventeen counts of violations of the California Penal Code.[1] Petitioner entered a not guilty plea and a not guilty by reason of insanity plea. The trial was bifurcated on the issues of guilt and insanity. The jury found petitioner to be sane and convicted petitioner on all seventeen counts and sentenced to an indeterminate 25-years to life for conspiring to commit murder, an additional year for being vicariously armed with a firearm during the commission of that offense; and 64 years for the robbery charges that included the firearm enhancements, to be served consecutive to the indeterminate term of 25 years.

The present petition for writ of habeas corpus raises the same two grounds that were raised on petitioner's direct appeal: improper insanity instructions and improper acceptance of a jury verdict while a jury question remained pending.

**Discussion**

In their return to the petition, respondents first argue that the California courts' decisions were not contrary to and did not involve an unreasonable application of clearly established federal law or the evidence presented. Respondents also argue that the jury instruction claim concerning insanity does not present a federal question. Finally, respondents assert that the state Supreme Court's decision that the trial court acted properly in accepting the verdict while a jury question was still pending is entitled to deference.

The magistrate judge determined that the issue of the insanity instruction presented a

---

[1] The charges against petitioner included 11 counts of robbery; one count of conspiracy to commit a series of robberies; one count of conspiracy to commit murder of a police officer; one count of attempted murder of a police officer; one count of assault on a police officer with a semiautomatic weapon; and one count of unlawful taking of a vehicle.

federal question that permitted this court to consider the petition based on a possible violation of petitioner's due process rights. Nevertheless, after reviewing the full record, the magistrate judge found that petitioner's due process rights were not violated here because the instruction did not "so infect the entire trial as to violate due process under United States Supreme Court precedent." (Report at 15). In giving the insanity instruction, the Court included petitioner's theory of the case, *i.e.,* that petitioner understood the legal wrongs of his acts but acted in accordance with a command from god that he act as he did. *Id.*

In his objection, petitioner contends that the magistrate judge relied on "the erroneous analysis and conclusion of the state court of appeal" (Obj. at 1) with respect to the trial court's jury instructions.

### 1.     **Insanity Instruction**

As discussed in the Report, a jury instruction is violative of due process only if the "ailing instruction by itself so infected the entire trial that the resulting conviction violated due process." (Report at 12 (quoting *Estelle*, 502 U.S. at 72)).

The trial court instructed the jury with CALJIC 4.00 in its entirety on the defense of insanity along with supplemental language defining the term "wrong" as it related to the legal and moral sense of the word. The additional language stated:

> The term "wrong" as used in this instruction, refers to both legal and moral wrong. A "legal wrong" is an act which violates the law.
> A "moral wrong" is an act which violates society's generally-accepted standards of moral obligation.
> Thus, a defendant is incapable of distinguishing right from wrong if, at the time of the crime, by reason of mental disease or defect, he, number one, could not understand that his act was a violation or the law, or, number two, could not understand that his act was a violation of generally-accepted standards of moral obligation.

(Lodgment No.1, Clerk's Tr. at 446).

Petitioner argues that the trial court's instructions obviously were not full and complete as demonstrated by the number of questions submitted by the jury to the Court during deliberations. Petitioner further contends that the instructions as given failed to allow petitioner to present his "deific decree" defense to the jury, *i.e.,* that defendant believed that he was hearing god's voice and obeying that voice; that defendant believed his actions were moral in the eyes of god; and

defendant believed that society would agree with him if they had the same facts and information provided by god.  Defendant also contends that he was mentally ill at the time of the alleged crimes.   Thus, the issue is whether the insanity instruction as given was improper if it did not permit the jury to consider petitioner's religious beliefs in determining the question of sanity.

Having reviewed the instruction as given, the instruction correctly stated the defense of insanity.  Moreover, the instruction by itself could not infect the trial in a manner that due process was violated because petitioner was afforded the opportunity throughout the trial to present his defense of "deific decree."  Nevertheless such a defense is subject to the appropriate limitation that was provided in the supplemental instruction, *i.e.,* that the act violated generally-accepted standards of moral obligation.  As the California Court of Appeals noted, "knowing whether an act is morally wrong has both a subjective and objective component." (Lodgment No. 9, *People v. Turgeon*, No. D035787, slip op. at 19 (Cal. Ct. App. Aug. 28, 2002).  The jury instruction as given did not negate the subjective element of the wrongfulness test, nor did it over-emphasize the objective component.

Moreover, petitioner's theory of the case was included in the given instruction – that defendant suffered a mental illness that caused him to believe his act did not violate generally accepted standards of moral obligation.

Finally, petitioner has not shown that the jury instruction was a contrary or unreasonable application of Supreme Court precedent or that the instruction so infected the entire trial so as to violate due process under Supreme Court precedent.  Accordingly, petitioner is not entitled to habeas corpus relief on this issue.

**2.     Jury Question**

Petitioner contends that his due process rights were violated when the court accepted the jury verdict while there was a question from the jury pending.  The court and counsel were considering how to answer the jury question when the jury came back with a unanimous verdict.  The question posed in the jury note was:

> 1) Please review & explain the sixth paragraph of CALJIC 4.00, starting "The term wrong as used . . .

2) Please emphasize the term "incapable" as related to the "moral" wrong. (Lodgment 1 at 486).

Petitioner contends that the question was not answered prior to the verdict being announced is proof that the jury instructions were constitutionally defective in that the modified version of CALJIC 4.00 was in conflict with the facts and evidence presented at the trial.

It is not improper for a trial court to accept a jury's verdict while a question is pending so long as the instructions given were full and complete of the questioned issue of wrongfulness. The court has discretion to determine that no additional explanations or definitions are needed to satisfy the jury's request for information. Here, because the instructions as given were full and complete notwithstanding the lack of an answer to a jury question, it was not unreasonable to accept the jury's verdict and it was not constitutionally deficient to do so.

## Conclusion

Based on the foregoing, **IT IS ORDERED** adopting the Report and Recommendation and overruling petitioner's objections. **IT IS FURTHER ORDERED** denying the petition for writ of habeas corpus. **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: March 26, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL